## COMMONWEALTH *vs.* WILLIAM F. HILLS.[1]

The question whether a person is or is not an atheist, and so an incompetent witness, is a question of fact for the presiding judge alone, and his decision is not open to exception.

The ruling of the presiding judge, limiting the cross-examination on matters entirely collateral, is discretionary and not open to exception.

On a trial for feloniously receiving goods alleged to have been stolen by A. and B. the government having proved that A. and B. were seen acting in concert on certain nights about the time of the larceny, is not thereby confined to proof of larcenies at those particular times.

The owner of property stolen may testify to certain marks upon the same, to establish its identity, although the goods or marks are not produced.

Several distinct offences of feloniously receiving stolen goods may well be charged in separate counts of the same indictment, and the question of separate trials is entirely for the discretion of the presiding judge.

INDICTMENT for receiving and aiding in the concealment of stolen goods. At the trial in the court of common pleas, before *Perkins*, J. the district attorney offered as a witness one William H. Dorman, an accomplice. The defendant objected to his competency, because of a want of belief in the existence of God and in punishment for crime. And much evidence was offered on both sides upon that question, which it is not necessary to state, according to the final decision of the case. Upon the whole testimony the presiding judge held that there was ample evidence that Dorman in fact had a religious belief, which qualified him to testify as a witness.

A witness for the government, in reply to a question of the defendant's counsel, stated that he always lived with his wife; that they never separated except temporarily on account of sickness. The defendant's counsel then asked him, if he had not within two years of his arrest cohabited with a woman other than his wife. The witness replied, that John B. Savory and others had tried to get up such a story to injure him, but that it was not so. The defendant's counsel then proposed, by a series of questions, to show by this witness that he had

---

[1] CUSHING, J. did not sit in this case.

stated these things as truth on a former occasion. To these inquiries the district attorney objected as immaterial, and the judge sustained the objection.

The district attorney inquired of a witness whether he had at any time in the summer and fall of 1849, seen Brackett and Dresser, the alleged thieves, go off together and return together. The witness replied, that he had seen them together on many different occasions, particularly in July, August, and October. The defendant's counsel then contended that the government was bound by these times, as the occasions on which to prove the larceny of the goods in question by the principals. But the judge refused so to rule.

Mr. Palmer, the person whose property was alleged to have been stolen, testified that he saw a certain pair of pantaloons on one Hilliard, which he examined, and found on them certain marks by which he knew them to have been once his; that he did not take the pantaloons from Hilliard, but for some reason permitted him to wear them. Palmer was at the time accompanied by an officer, and they took the clothing found on several other persons, and claimed by Palmer. The defendant's counsel objected to the evidence of Palmer respecting the marks upon the pantaloons, the same not being produced, but Hilliard having been a witness, and having testified that he bought the pantaloons which Palmer saw, of the defendant, and that they were all worn out, the judge admitted the evidence.

The indictment contained four counts. The first and second counts described the same offence; the third and fourth counts were each for an offence separate and distinct from that charged in the first and second counts. When all the evidence was in, the defendant's counsel requested that the district attorney should elect some one count on which he would proceed on the ground that, being for distinct felonies, the defendant could not be tried upon more than one in the same indictment, but the judge ruled that it was competent for the grand jury to present distinct offences of the same general nature, requiring the same mode of trial, and punishment of the same nature, in the same indictment, and that convic-

tions of distinct offences in the same indictment might be sustained; and under the circumstance of this case, as it did not appear to the court, that the defendant would be perplexed in his defence, or unnecessarily embarrassed by the form of proceeding, the judge declined to interfere.

The jury found the defendant guilty on the second and fourth counts, and not guilty on the first and third. The defendant excepted.

*J. W. Perry*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

DEWEY, J. 1. The incompetency of a person as a witness from defect of religious belief is not to be presumed. When alleged as a ground of exclusion, it must be proved. The evidence is to be heard, and the question to be decided by the presiding judge; and whether upon the whole evidence, the fact is established that the proposed witness is an atheist, or " one who disbelieves in the existence of a God, who is the rewarder of truth, and the avenger of falsehood," is a question solely for the presiding judge, and as a question of fact not subject to any exception, or appeal to this court. If an erroneous view of the law was taken as to the admission or exclusion of an atheist as a witness, that might properly be brought before us for revision, but not the judgment of the court as to the proof of the facts, or the weight of the testimony. The present case presents no other question on this point, than one of the weight of evidence offered upon the question whether Dorman was an atheist; and the ruling of the judge of court of common pleas upon that question, is not the ground for any exception.

2. The question raised as to the ruling of the presiding judge limiting the cross-examination, and excluding questions as to collateral matters, the answers to which might disgrace the witness, or criminate him as a participator in other distinct offences, was considered in the case of *Commonwealth* v. *Savory*, argued at the present term, *post*, 535, and we refer to that case for the reasons for overruling this exception.

3. The testimony that Brackett and Dresser, about the period of the alleged larcenies, were often seen in company

going out in the evening and returning home together the next morning, was admissible, to be taken in connection with all the other facts in the case, tending to show these persons were guilty of the larcenies alleged to have been perpetrated by them.   It may have been very slight, and certainly of no effect, standing alone, but it was not incompetent evidence, and might in connection with other facts, become important evidence.   Nor was the government in establishing the commission of these larcenies thereby confined to the precise days named by the witnesses as those on which they particularly remembered seeing these persons together in the manner above stated.

4.  The testimony of Palmer, as to the marks on the pantaloons he saw on Hilliard, was competent.   If it was necessary to show any reason for not producing them, before the admission of this evidence, that reason was furnished.

5.  The further and graver question is that of the joinder of distinct offences in one indictment, as was done here. The counsel for the defendant assumes that these charges, as stated in the different counts, are felonies.   That may be somewhat questionable, and certainly would be so, unless our recent decision in the case of *Rohan* v. *Sawin,* 5 Cush. 281, may be considered as having settled that the crime of receiving stolen goods, knowing them to be stolen, is a felony.   For the purpose of that case, and as affecting the right of the officer  to arrest without a warrant, the case of receiving stolen goods, knowing them to have been stolen, was treated as a crime of the same grade as larceny, and one which would equally justify an arrest by an officer without a warrant.   In England, where greater strictness prevails as to the joinder of different felonies than with us, it has not been deemed improper to join in the same indictment distinct charges of burglary and the receiving stolen goods, knowing them to be stolen.   *Rex* v. *Hartall,* 7 Car. & P. 475; *Regina* v. *Beeton,* 2 Car. & Kirwan, 959.   In the view we take of this matter, it is unnecessary to consider particularly the question whether these charges are felonies, inasmuch as we are satisfied that the long established practice

45 *

in this commonwealth has been to present distinct larcenies in the same indictment, and also distinct offences of receiving stolen goods in the same indictment, in different counts. It has been considered to be no objection to this practice that the charges were felonies, provided that they were offences of the same general nature, requiring the same mode of trial, and having the punishment annexed to them of a like nature. In the case of *Carlton* v. *Commonwealth*, 5 Met. 532, this practice was fully recognized and sanctioned. It is always open to the presiding judge to order a separate trial on each distinct charge, when there is any reason for supposing that the defendant will be perplexed in his defence, or unnecessarily embarrassed by being put on trial for two distinct offences. We see no good reason for holding that it is illegal to present in the same indictment felonious offences of a similar character, and having a like punishment. In misdemeanors, it is admitted that this may be done, and the distinction set up as to felonies, as a class, is by no means a satisfactory distinction, or based on any sound principle; as many petty offences, as, for example, larcenies of the most trifling amount have always heretofore, and until the very recent *St.* of 1852, *c.* 4, been denominated felonies.

Under the limitation as to the nature and character of the offences joined, as was very fully and properly stated by the presiding judge, the court are of opinion that distinct felonies may be charged in the same indictment, and that the ordering of separate trials in such case is a matter to be decided by the presiding judge. The result is that all the exceptions taken are overruled. *Exceptions overruled.*